11  333
33ap592
11h 333
f 56ad513

ANNIE GREEN, Administratrix, and others, Administrators, etc., Appellants, *v.* THE ERIE RAILWAY COMPANY, Respondent.

*Negligence — action to recover damages for — Contributory negligence — intentional mischief.*

Plaintiffs' intestate was a passenger, on a western-bound train of defendant, for Otisville, of which place he was a resident ; passengers arriving there from the east are compelled to alight upon a platform between the tracks and cross the eastern track, in order to reach the station.  Plaintiffs' intestate stepped from the smoking car, at the end nearest the locomotive, upon the platform, and from thence upon the eastern track, when he was struck and killed by a train of coal cars going east, the engine of which had been switched off.  There was no brakeman on the forward end of the coal cars, nor was any signal given of its approach.  The defendant claimed that the plaintiffs' intestate was guilty of contributory negligence, as there was no evidence to show that he looked to the west before stepping on the track.  *Held,* that the question of contributory negligence was, under the circumstances of the case, a question for the jury, and that it was error to direct a nonsuit.

*Semble,* That although, as a general rule, the plaintiff in an action to recover damages sustained by reason of the negligence of the defendant cannot recover if he has been guilty of contributory negligence, yet where the defendant could, by the exercise of ordinary care and diligence, have prevented the accident, the plaintiffs' negligence will not excuse him.

Appeal from a judgment in favor of the defendant, entered upon a nonsuit directed by the court.

The action was brought to recover damages sustained by reason of the death of the plaintiff's intestate, alleged to have been caused by the negligence of the defendant.

On the 20th day of April, 1875, the intestate, a farmer, residing near Otisville, took passage for that place on a westward-bound train of defendant.

The depot or waiting-room of the company at this place is on the south side of its railway, so that passengers arriving there on the westward-bound train to reach the waiting-rooms or depot must cross the track of the eastward-bound trains.  On the arrival of the train, Mr. Green left the smoking car at the end nearest the locomotive, and alighted upon the platform between the tracks of the eastward

and westward-bound trains, some few yards west of and beyond the depot. He started to go to the depot, but while on the track of the eastward-bound trains he was struck by a coal dump, loaded with coal, passing down the eastward track, and killed. The coal dumps were a portion of a train known as a pusher train. From Otisville west to Port Jervis, twelve or thirteen miles, there is, coming east up the mountain, a heavy grade, and the company was in the habit of making up coal trains at Port Jervis known as pusher trains, which consisted of a large number of coal dumps, having an engine in front and an engine in the rear of the coal cars. On the arrival of such trains at the summit just west of Otisville, the engines are cut loose, and the forward engine is run down east of Otisville to a switch, and the coal dumps, controlled by the brakemen, are run down the grade past the station and on the switch.

On the arrival of the train, the forward engine of one of these pusher trains had passed the station east to the switch, and the coal train was making its way to the switch, when the forward coal dump struck Mr. Green.

There was no brakeman on the forward end of the coal dump which struck Mr. Green, or any warning or signal given of the approach of the train.

Upon motion of defendant's counsel the plaintiff was nonsuited, on the ground that the intestate was guilty of contributory negligence in not ascertaining whether a train was approaching from the west before stepping upon the track.

*Gilbert O. Hulse*, for the appellants.

*Lewis E. Carr*, for the respondent.

GILBERT, J.:

The general rule, no doubt, is that the plaintiff, in an action for negligence, cannot succeed if it is found by the jury that he himself had been guilty of negligence or want of ordinary care, which contributed to cause the accident. But this rule, in many cases, is qualified by another one, which is that though the plaintiff may have been guilty of negligence, and although that negligence may in fact have contributed to the accident, if the defendant could in

the result, by the exercise of ordinary care and diligence, have avoided the mischief which happened, the plaintiff's negligence will not excuse him. (*Radley and or.* v. *The Lond. and N. W. R. Co.*, Law Rep., 1 App. Cases, 754, 759; *Kenyon* v. *The N. Y. C., etc., R. Co.*, 5 Hun, 479, and cases cited.) We think it was a proper question for the jury, whether the defendant was not guilty of such gross negligence as was equivalent to intentional mischief.

The provision made for passengers arriving at Otisville by a westward bound train, are extremely dangerous. In going from the cars to the station they are obliged to cross the track on which eastward bound trains are propelled. To send into the station an eastward bound train at the moment passengers by a westward bound train were alighting from the cars and seeking egress from the station, certainly, evinced a reckless indifference to the safety of the passengers.

The plaintiffs, however, were nonsuited, on the ground that the deceased was guilty of contributive negligence, because he made no effort to ascertain whether a train of cars was approaching from the west. No witness testified that he did not make that effort. Whether he did or not, depends upon inferences to be drawn from other facts, which are not in their nature conclusive. In such a case it is the province of the jury and not that of the court, to draw the inferences.

The nonsuit was clearly erroneous; and for that reason the judgment must be reversed and a new trial granted, with costs to abide the event.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.